Sagastume Pascual v. Barr

BIA
Christensen, IJ
A206 675 627/628

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand nineteen.

PRESENT:
    GUIDO CALABRESI,
    JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

VILMA ARGENTINA SAGASTUME
PASCUAL, IRVING JOSUE MENDEZ
SAGASTUME,
        *Petitioners,*

        v.                                    17-4048
                                              NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:          Karin Anderson Ponzer, Esq.,
                          Neighbors Link Community Law
                          Practice, Ossining, NY.

**FOR RESPONDENT:**     Joseph H. Hunt, Assistant Attorney General; Jonathan A. Robbins, Senior Litigation Counsel; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Vilma Argentina Sagastume Pascual and her minor son, Irving Josue Mendez Sagastume, natives and citizens of Guatemala, seek review of a November 29, 2017, decision of the BIA affirming a March 30, 2017, decision of an Immigration Judge ("IJ") denying Pascual's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vilma Argentina Sagastume Pascual, Irving Josue Mendez Sagastume,* Nos. A 206 675 627/628 (B.I.A. Nov. 29, 2017), *aff'g* Nos. A 206 675 627/628 (Immig. Ct. N.Y. City Mar. 30, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, our decision in *Banegas Gomez v. Barr*, 922 F.3d 101, 110 (2d Cir. 2019), forecloses Pascual's claim that the immigration court lacked jurisdiction over her

removal proceedings because her notice to appear ("NTA") did not include the date and time of her hearing. "[A]n NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien." *Id.* at 111–12. Because Pascual was served with a hearing notice specifying the time and date of her hearing and she appeared at the hearing, she has no challenge to the immigration court's jurisdiction.

Turning to the merits, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We find no error in the agency's conclusion that Pascual failed to demonstrate a nexus between the threats and extortion demands she received and her membership in a particular social group of head of household mothers of disabled children.

An asylum applicant has the burden to show that she has suffered past persecution, or has a well-founded fear of future persecution, "on account of race, religion,

3

nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see* §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). "[A]sylum may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). The "applicant need not show with absolute certainty why the events occurred, but rather, only that the harm was motivated, in part, by an actual or imputed protected ground." *Uwais v. U.S. Att'y Gen.*, 478 F.3d 513, 517 (2d Cir. 2007). However, the applicant "must provide some evidence of [a persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007). Assuming that Pascual's proposed social group is cognizable, the agency reasonably determined that she failed to provide any direct or circumstantial evidence to demonstrate that the extortionists targeted her on account of her status as the head of household mother of a disabled child rather than because of her money and their general criminal aspirations. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (applicant has burden

4

of demonstrating that persecutors "ha[ve] any motive other than increasing their own wealth at the expense of" the applicant). Pascual testified that the extortionists never asked her for anything other than money, they never mentioned her child, and they said "[she] had to pay because [she] had money, [she] had a business." Furthermore, Pascual's country conditions evidence reflects widespread extortion in Guatemala and does not demonstrate that members of her particular social group are at unique risk. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("general crime conditions" do not constitute persecution on account of a protected ground). Therefore, she did not meet her burden of demonstrating that she was persecuted on account of a protected ground as required for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). She has not challenged the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5